THE TIMKEN COMPANY, PLAINTIFF *v.* DONALD REGAN, INDIVIDUALLY AND AS SECRETARY OF THE TREASURY, WILLIAM VON RAAB, INDIVIDUALLY AND AS COMMISSIONER OF CUSTOMS, RICHARD R. ROSETTIE, INDIVIDUALLY AND AS DIRECTOR, DUTY ASSESSMENT DIVISION, UNITED STATES CUSTOMS SERVICE, PETER F. GONZALEZ, INDIVIDUALLY AND AS DISTRICT DIRECTOR, UNITED STATES CUSTOMS SERVICE, MARY RIGGS, INDIVIDUALLY AND AS IMPORT SPECIALIST, COMMODITY TEAM #10, UNITED STATES CUSTOMS SERVICE, MALCOLM BALDRIGE, INDIVIDUALLY AND AS SECRETARY OF COMMERCE, LIONEL H. OLMER, INDIVIDUALLY AND AS UNDER

---

SECRETARY FOR INTERNATIONAL TRADE ADMINISTRATION, UNITED STATES DEPARTMENT OF COMMERCE, LARRY BRADY, INDIVIDUALLY AND AS ASSISTANT SECRETARY FOR INTERNATIONAL TRADE ADMINISTRATION, UNITED STATES DEPARTMENT OF COMMERCE, GARY N. HORLICK, INDIVIDUALLY AND AS DEPUTY ASSISTANT SECRETARY FOR IMPORT ADMINISTRATION, UNITED STATES DEPARTMENT OF COMMERCE, LEONARD M. SHAMBON, INDIVIDUALLY AND AS DIRECTOR, OFFICE OF COMPLIANCE, INTERNATIONAL TRADE ADMINISTRATION, UNITED STATES DEPARTMENT OF COMMERCE, FRANK BRENNAN, INDIVIDUALLY AND AS DIRECTOR, ANTIDUMPING ORDER COMPLIANCE DIVISION, INTERNATIONAL TRADE ADMINISTRATION, UNITED STATES DEPARTMENT OF COMMERCE, J. LINNEA BUCHER, INDIVIDUALLY AND AS COMPLIANCE OFFICER, ANTIDUMPING ORDER COMPLIANCE DIVISION, INTERNATIONAL TRADE ADMINISTRATION, UNITED STATES DEPARTMENT OF COMMERCE, DEFENDANTS and NTN BEARING CORPORATION OF AMERICA, INTERVENOR

Court No. 81-12-01749

Before MALETZ, *Senior Judge.*

## Opinion and Order

(Dated January 12, 1983)

*Eugene L. Stewart, Terence P. Stewart* and *Robert E. Ruggeri* for the plaintiff.

*J. Paul McGrath,* Assistant Attorney General; *David M. Cohen,* Director, Commericial Litigation Branch *(Velta A. Melnbrencis* on the brief), for the defendants.

*Barnes, Richardson & Colburn (Robert E. Burke* and *Edmund Maciorowski* on the brief) for intervenor NTN Bearing Corporation of America.

MALETZ, *Senior Judge:* On October 27, 1982 this court in *Timken Co.* v. *Regan,* 4 CIT 174 (1982) issued an opinion and order dismissing several counts of plaintiff's six-count complaint and staying all further proceedings on the remaining counts pending resolution of the companion case of *Timken Co.* v. *Baldrige,* No. 82-6-00890. Plaintiff The Timken Company (Timken) now moves the court, pursuant to this court's rule 54(b), for an order amending the October 27 order by directing entry of a final judgment on the dismissed counts so that Timken may take an immediate appeal from the partial dismissal.

As explained more fully below, in view of the direct bearing of the companion case on the final resolution of the present action, a rule 54(b) certification is inappropriate. Plaintiff's motion is, accordingly, denied.

Rule 54(b) provides in part that

> [w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express

determination that there is no just reason for delay and upon an express direction for the entry of judgment.

This rule, identical with rule 54(b) of the Federal Rules of Civil Procedure, represents a modification of the "single judicial unit" theory, so that less than all the claims in a multiple claim action may be certified for appeal. *Bogosian* v. *Gulf Oil Corp.*, 561 F. 2d 434, 440 (3d Cir.), *cert. denied*, 434 U.S. 1086 (1977). *See Sears, Roebuck & Co.* v. *Mackey*, 351 U.S. 427, 438 (1956). Underlying rule 54(b) is the recognition that with the liberal joinder of claims now permitted by the federal rules, the policy against piecemeal appellate review implicit in the "single judicial unit" rule must be weighed against the prejudice caused by unjustified delay which can occur when decisions final as to some claims cannot be entered until the litigation is final as to all claims. In other words, a claim may be certified for appeal under rule 54(b) if a decision on that claim represents a "final decision" in the sense of an ultimate disposition of an individual claim entered in the course of a multiple claim action and if there is no just reason for delay. *Id.*

Instructive on the factors which a trial court must consider in deciding a rule 54(b) motion is the Supreme Court's decision in *Curtiss-Wright Corp.* v. *General Electric Co.*, 446 U.S. 1, 7-8 (1980):

> Nearly a quarter of a century ago, in *Sears, Roebuck & Co.* v. *Mackey*, 351, U.S. 427 (1956), this Court outlined the steps to be followed in making determinations under Rule 54(b). A district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." 351 U.S., at 436.
>
> Once having found finality, the district court must go on to determine whether there is any just reason for delay. Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a "dispatcher." *Id.*, at 435. It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. *Ibid.* This discretion is to be exercised "in the interest of sound judicial administration." *Id.*, at 437.
>
> Thus, in deciding whether there are no just reasons to delay the appeal of individual final judgments in a setting such as this, a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals." *Id.*, at 438 * * *

The threshold issue, then, is whether the order sought to be appealed has *finally* resolved at least one entire claim. Relevant to this issue are the portions of Timken's complaint for which it seeks certification. In that complaint it challenged the liquidation of pre-April 1, 1978 roller bearing entries on three grounds. First, Timken stated that it would have been able to obtain meaningful administrative and judicial relief in connection with those liquidations but for the fact that it had been misinformed by a Customs Service letter dated June 24, 1980 that such liquidations had not taken place when in fact they had. Second, it contended that these liquidations were in direct contravention of notices and instructions from Customs Service headquarters. Third, it asserted that the liquidation of those entries was void *ab initio* because they were not subjected to review under section 751(a) of the Trade Agreements Act of 1979, 19 U.S.C. § 1675(a) (Supp. IV 1980).

This court concluded that in light of the transitional rules and legislative history of the Trade Agreements Act of 1979, section 751(a) review is not applicable to pre-April 1978 roller bearing entries. In view of that conclusion, coupled with the absence of any legally redressable prejudice to Timken resulting from the liquidations, the court held that liquidation of those entries, though contrary to Customs Service instructions and advice, amounted to harmless error.

Timken's remaining claims involve post-April 1978 entries which were submitted to section 751 review. The disposition of these claims was stayed by the court pending resolution of the companion case, *Timken* v. *Baldrige*. That companion case concerns the proper criteria to apply in a section 751 review—which is an issue potentially dispositive of the question as to whether the pre- and post-April 1978 entries were properly liquidated.

It is true that Timken's claims involving the failure to submit pre-April 1978 entries to section 751 review are separate and distinct claims. But that does not end the inquiry. What is determinative in the context of a rule 54(b) certification is whether an ultimate disposition has been made on these separate and distinct claims so that it would be appropriated to certify them for appeal. The answer here must be in the negative.

What is germane is not the dismissed portion of the *Timken* v. *Regan* complaint considerd *in vacuo*, but rather the impact on it of *Baldrige*. If the court were to certify the claims in question and should Timken prevail on appeal, the claims would be remanded to this court which would then, in the interest of judicial economy, issue a stay pending final resolution in *Baldrige* as to the criteria applicable in a section 751(a) review proceeding. Otherwise, should Timken be successful on appeal and this court not issue a stay, the court would remand the matter to the International Trade Administration of the Department of Commerce which would in turn conduct a section 751(a) review of the pre-April 1978 entries and apply

the self-same criteria which Timken challenges in the *Baldrige* case. This would generate another lawsuit and a piecemeal appeal involving the very issue presented in *Baldrige*.

The point is that while this action and the companion case are in form two distinct actions, they are inseparably interrelated given (1) their nearly identical factual backgrounds, (2) the close affinity of the legal issues presented in each action, and (3) the stay issued in this case which effectively consolidated the two for purposes of a rule 54(b) certification. *Compare* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2386 (1971) (actions consolidated under Fed. R. Civ. P. 42(a) ought to be treated as a single action for purposes of rule 54(b)).

In summary, in light of the impact of *Baldrige* on this action, the October 27 order of this court does not constitute a final disposition of the claims in question. Further, the risk of piecemeal litigation and multiple appeals against which the Supreme Court cautioned in *Curtiss-Wright* can be obviated by merely awaiting a final judicial determination in the *Baldrige* case. Not until such disposition can there be an ultimate resolution of Timken's section 751 review claims. This being the case, Timken will not suffer any prejudice by denial of its request for an immediate appeal.

For these reasons, Timken's motion for rule 54(b) certification is denied.